IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON STEVENS,

        Plaintiff,                         No. CIV S-06-0816 MCE DAD P

    vs.

PLACER COUNTY, et al.,             ORDER

        Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee.[1] This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] On August 24, 2006 and November 7, 2006, plaintiff requested that the court reimburse him $100 of the $350.00 filing fee he has paid in connection with this action. Plaintiff contends that he had attempted to file this action prior to the date the filing fee was increased from $250 to $350, and that no one at the California Medical Facility was notified about the filing fee increase. Plaintiff's requests will be denied. There are no exception to the filing fee provisions and reimbursement such as plaintiff is requesting is not authorized.

granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. The court notes the following deficiencies with plaintiff's complaint.

I. <u>Defendants</u>

Plaintiff names the following defendants: (1) Placer County; (2) John Mendes, the Placer County executive officer for the Municipal and Superior Courts; (3) John Doe 1, the Clerk of the Municipal and Superior Courts; (4) Edward Bonner, the Placer County Sheriff/Coroner/Marshal; (5) Detective Bruce Wilson with the Placer County Sheriff's Department; (6) John Doe 2, the property clerk assigned to the evidence division of the Placer County Sheriff's Department; (7) John Doe 3 who is employed by the Placer County Sheriff's Department; (8) Placer County Counsel Anthony LaBouff; (9) Deputy Placer County Counsel Brian Wirtz; (10) Placer County District Attorney Bradford Fenocchio; and (10) Placer County Deputy District Attorney Garen Horst.

Several of the named defendants have immunity from civil suit. Prosecutors are absolutely immune from civil suits for damages under § 1983 challenging their actions related to the initiation and presentation of criminal prosecutions. <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976). Therefore, defendants District Attorney Fenocchio and Deputy District Attorney Horst are entitled to immunity. Defendants County Counsel LaBouff and Deputy County Counsel Wirtz also enjoy absolute immunity. See <u>Fry v. Melaragno</u>, 939 F.2d 832, 837 (1991) ("Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation.") (internal quotation marks omitted). Similarly, court clerks enjoy absolute quasi-judicial immunity when they perform tasks integral to the judicial process. <u>Mullis v. United States Bankr. Court</u>, 828 F.2d 1385, 1390 (9th Cir. 1987). Thus, defendants Mendes and John Doe 1 (a Municipal and Superior Court clerk) would also be entitled to immunity. In his amended complaint, plaintiff should not name as defendants individuals that have immunity.

1   As to defendant Placer County, plaintiff contends that county employees acted
2 under color of state law and that the county has the authority to create, regulate and enforce
3 county ordinances, laws and regulations.  However, plaintiff has failed to identify a specific
4 county policy or regulation which resulted in a violation of his constitutional rights.  See Monell
5 v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658, 694 (1978).  A municipality cannot be liable
6 solely on a respondeat superior theory.  Therefore, in his amended complaint, plaintiff must
7 clearly identify the specific policy or regulation which resulted in the alleged violation of his
8 constitutional rights by providing the applicable code section or other reference information.
9 II. Claims relating to plaintiff's arrest, search and seizure
10   Plaintiff's claims are difficult to identify because instead of providing allegations
11 for specific claims, plaintiff sets forth eighty-two separately numbered "violations" under a
12 section titled, "Statement Of Claim."[2]  (Compl. at 13-24[3].)  Several violations concern plaintiff's
13 arrest, the validity of the search warrant apparently executed at the time of his arrest, and the
14 execution of the search.
15   In his amended complaint, plaintiff must clearly state his claims and explain how
16 his constitutional rights were violated.  Plaintiff is cautioned that a claim that would imply the
17 invalidity of his conviction is barred unless the conviction has been reversed on direct appeal,
18 expunged, declared invalid by a state tribunal, or called into question by the federal court's
19 issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  If
20 plaintiff claims damages for an alleged illegal search and seizure, he must clarify which charges
21 /////

---

[2] Plaintiff is cautioned that this method of presenting his claims is insufficient.  Plaintiff must first identify his constitutional claims and then provide specific allegations that support those claims.  A list of "violations" with no connection to a claim, fails to comply with the federal Rules of Civil Procedure and provide notice to the parties of plaintiff's claims.

[3] Court document number 1.  The court has used the page numbers from the court's electronic filing system.

were dismissed or overturned, and which charges resulted in a conviction.[4]  He must also show that evidence obtained from the alleged illegal search and seizure was not relied upon to obtain his conviction.  See id. at 488 n.7; Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000) (concluding that a Fourth Amendment claim alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned).

As for his claim concerning an alleged unlawful arrest, plaintiff must also demonstrate that this claim does not imply the invalidity of his conviction.  Plaintiff must provide allegations that demonstrate that there is no connection between the arrest and his subsequent conviction.  See Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dep't, 387 F. Supp. 2d 1084 (N.D. Cal., 2005) (holding that claim of unreasonable stop was barred by Heck where plaintiff was convicted of traffic violation) (citing Quintana v. Gates, No. CV 00-07166 GAF (AJWX), 2004 WL 1661540, *7 (C.D. Cal. July 27, 2004)) ("To prevail on false arrest claim, a plaintiff must demonstrate that the defendants lacked probable cause to arrest him.  When the facts supporting the officers' probable cause determination are the same as the facts supporting the plaintiff's conviction, a finding that the officers lacked probable cause would 'necessarily imply the invalidity' of the plaintiff's conviction.").

III.  Disposal of personal property

The court finds that plaintiff's claim concerning the loss of his personal property fails to state a cognizable claim.  Plaintiff alleges that he did not receive proper notification prior to  the disposal of his seized property.  Where there is a negligent or unauthorized intentional deprivation of property, there is no due process violation when there is a postdeprivation remedy for the loss.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an

---

[4] According to court records, plaintiff has filed a habeas petition challenging his criminal conviction on charges of identity theft and illegally obtaining credit and access cards.  See Stevens v. Schwartz, CIV S-04-2124 MCE GGH P.

1  adequate post-deprivation remedy for any property deprivations.  See Cal. Gov't Code §§ 810-
2  895." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).  Therefore, in his amended
3  complaint, plaintiff should not include this claim unless he can demonstrate that the loss of his
4  property resulted from an authorized deprivation pursuant to a specific state procedure,
5  regulation, or statute.  Plaintiff must not merely state that a procedure, regulation or statute
6  exists; plaintiff must identify the specific code section or statute that is being challenged.
7  IV.  Standards for the amended complaint
8           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
9  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
10 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
11 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
12 there is some affirmative link or connection between a defendant's actions and the claimed
13 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
14 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
15 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
16 Regents, 673 F.2d 266, 268 (9th Cir. 1982).
17          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
18 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
19 amended complaint be complete in itself without reference to any prior pleading.  This is
20 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
21 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
22 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
23 original complaint, each claim and the involvement of each defendant must be sufficiently
24 alleged.
25 /////
26 /////

6

V. <u>Request for appointment of counsel</u>

On August 11, 2006 and November 7, 2006, plaintiff filed requests for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's requests will be denied.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court and attachments to the form complaint may not exceed twenty pages; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed;

3. Plaintiff's August 24, 2006 and November 7, 2006 requests for reimbursement of $100 for the court filing fee are denied;

4. Plaintiff's August 11, 2006 and November 7, 2006 requests for the appointment of counsel are denied; and

/////

/////

/////

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: December 4, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
stev0816.156